IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 AUG 29 A 10: 21

RONALD SUTTON          *
*Petitioner*,

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Vs.                    * CASE NO: 2:07cv776-WKW

TROY KING-ATTORNEY GENERAL   *
Et al,
*Respondent*,
                       *

---

### REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RELIEF

Comes now Ronald Sutton, pro se in the above style cause and moves this honorable court to review and grant him immediate protection from being transferred back to the Alabama Department of corrections by issuing a temporary restraining order and preliminary injunction.

### JURISDICTION STATEMENT

This court is the proper jurisdiction for this motion to commence pursuant to 28 U.S.C. §1343. The respondents are state employees and their agency is located in Montgomery Alabama. Petitioner is an Alabama inmate located at the West Carroll Detention Center under contract with Alabama ADOC. There are reasons to believe that petitioner is in the

1

state of Louisiana through interstate compact agreement. The petitioner however has not signed or agreed to any out of state transfer. Petitioner since August 31, 2006, due to the **overcrowding** of the Alabama penal system.

## REQUEST FOR FEDERAL INTERVENTION

Petitioner is requesting immediate protection by the federal government by intervening on his behalf prohibiting the Alabama ADOC to take him back into their custody. Petitioner avers that as a prisoner , [I]f he is allowed to be taken back into the ADOC custody, he will be immediately deprived of proper and adequate "protection" in violation of his rights guaranteed under the eighth and fourteenth amendments to the United States Constitution.

As the United States District court has stated, it is well established that prisoners do not lose all their constitutional rights. **Washington V. Lee**, 263 F. Supp. 327, 331 (MD. Alabama 1996), Aff'd per curiam, 390 U.S. 333, 88 S. Ct. 994, 19 L. Ed 2d 1212 (1968). See **Cruz V. Beto**, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (March 20, 1972). Among other guards, the eighth amendment prohibition against cruel and unusual punishment, incorporated into the due process clause of the fourteenth amendment , protects prisoners from constitutional conditions of treatment imposed by prison authorities under color of state law, such as Troy King and Richard Allen, prison commissioner.

**Campbell v. Beto**, 460 F. 2d 765 (5th Cir. 1972) federal courts will not hesitate to intervene when action is clearly necessary to protect a prisoner's constitutional right.'The

2

fifth circuit has repeatly stated, however, that there maybe cases in which the deprivation will warrant judicial inquiry and action. **Woolsy V. Beto**, 450 F. 2d 321 (5th Cir. 1971).

When practices within a prison system result in the deprivation of basic elements of adequate protection (from harm or danger) (mentally or physically) such practices violate constitutional guarantees and federal courts must act to provide relief. This is especially true when deprivation immediately threatens life and limb. **Campbell v. Beto**, supra. This case is one in which the deprivation warrants judicial inquiry and action. Wherein the Alabama prison system has been declared overcrowded and conditions unconstitutional since 1971. **Newman V. Alabama**, 349 F. supp. 278 (MD. Ala. 1972); **Pugh V. Locke**, 406 F. Supp. 318 (MD. Ala. 1976) and **James V. Wallace**, 406 F. supp. 318 (1976).

Alabama has a legendary history of the same for the past thirty-six (36) years. They have been under orders and sanctions and to no avail the conditions in the prisons have worsened and the population has well doubled or tripled in capacity. The ADOC Richard Allen, commissioner has no where to put another inmate without placing that individual in an knowingly unconstitutional conditions to another unconstitutional condition and this is the very reason that petitioner's now in the state of Louisiana, to reduce the overcrowding and life threatening living conditions, but now the ADOC does not want to pay Louisiana and petitioner is being forced to return to the same or worse conditions than before without any relief therein.

The ADOC has demonstrated a gross disrespect for the state law of Alabama, the constitution of the United States and any and all orders handed down by this court since

3

1971. They have had over thirty (30) years to meet these unconstitutional life threatening conditions and have failed.

Alabama legislature has given millions to reduce the population of the penal system. To build new prisons. Sale land to pay for out of state private own prisons. Still the system is worsening as time goes on. The question which rises to petitioners mind, has the state legislature failed to give the ADOC the necessary money to fix the unconstitutional overcrowding and conditions in violation of the 8th amendment? If so, they need to be ordered to take immediate action. If they did supply the money, then the ADOC has had the money to relieve the overcrowding and the conditions in violation of the 8th amendment, this will be a case of mismanagement of tax payers' money. Where is the money? What can they show for the money? This is such an in depth problem that every time a state court sentences a person to serve time in the Alabama Department of corrections that court knowingly forces them to live in unconstitutional conditions and a place where they cannot be protected.

Petitioner is not asking this court for another court order to relieve the overcrowding. To fix the unconstitutional living conditions, this has been order for over thirty years. Petitioner is seeking a single court order for a United states Marshall to take him into custody and place him in the federal institution closet to the state of Louisiana where his family resides. An institution where he will be free from cruel and unusual living conditions, rapes, tortures a place which reigns in terror.

Alabama institutions are overcrowded and unconstitutional wherein there is a lack of supervision, inadequate staffing and corrupt staffing. The duty of the ADOC Richard

4

Allen and Troy King is to provide petitioner with 60 square feet of space per person. **Williams V. Edwards**, 547 F. 2d at 1215. This has not occurred.

The present conditions in the ADOC are "philosophically, psychologically, physically, racially and morally intolerable. The housing units are overcrowded and unfit for human habitation under any modern concepts of decency. Due to the overcrowding the facilities for the disposal of human waste at all camps present an immediate health hazard, contamination of the prison water supply caused by inadequate sewage has led to the spreads of infectious diseases, staff infections, hepatitis. Most waste disposed systems have been declared insufficient compounded by the overcrowded population of inmates in the prison. The United States court of appeals for the fifth circuit **Gates V. Collier**, 501 F. 2d 1291, (1974) citing **Robinson v. California**, 370 U.S. 660, 82 S. Ct. 1417, * L. Ed 2d 758 (1962) is not limited to specific acts directed at selected individuals, but is equally pertinent to general conditions of confinement that may prevail at a prison. Our decisions have recognized the right of prisoners to seek judicial review of their conditions of confinement and have provided relief from unconscionable methods of incarceration. See, e.g., **Hutchens V. State Of Alabama**, 466 F 2d 507 (5th Cir. 1972); **Campbell V. Beto**, 460 F. 2d 765, 768 (5th cir. 1972); **Novak V. Beto,** 453 F 2d 661 (5th Cir. 1971).

It has been established in other orders handed down by this court that there is a high level of violence existing in the ADOC prisons which violate the 8th amendment and Richard Allen, commissioner for the ADOC knows that he has *failed to employ sufficient and adequate trained staff, guards to assure the* **protection** *of inmates.* Supervision personal has allowed and continues to allow inmates to fight, gamble and acquired liquor and drugs in violation of prison rules and state law. The operation of the trusty system, as

5

previously outlined, further compounds the dilemma of the **protection** of inmates. The effects of severe overcrowding are heightened by the dormitory living arrangements (406 F. supp. 323) which prevail in these institutions. Bunks are packed together so closely that there is no walking space between them. **Sanitation** and **Security** are impossible to maintain. Overcrowding is primarily responsible for exacerbates all other ills of Alabama's penal system.

Petitioner was diagnosed as being a diabetic at the arrival of West Carroll Detention Center, by Ms. Faye a practitioner nurse. He has since received treatment for his condition and petitioner was informed that Alabama knew of his diabetic condition but did not inform him. Petitioner was informed that the basis of his condition is in part due the diet in which the prison system in Alabama has established. It lacks many vitamins, minerals and iron and this built up a condition which led petitioner being a diabetic. Another reason is due to the water treatment chemical "Compound 204", which leads to cancer and ills such as petitioner being diabetic.

In the inherently coercive setting in prison, the failure of officials properly to supervise their wards is an abdication of responsibility. Confinement in a prison where terror reigns is cruel and unusual punishment. A prisoner has a right to be protected from the constant threat of violence and from sexual assault. Withers **v. Levine**, 615 F. 2d 158 (4th Cir. 1980); Gates **V. Collier**, 501 F. 2d 1291 (5th Cir. 1974) but the level of violence and sexual assault may suffice to support a facility of liability under the 8th amendment. See **Stokes V. Delcambre**, 710 F 2d 1120, 1125 (5th Cir. 1983).

6

The federal courts have ruled that quantitive measures are significant for the 8th amendment determinations must be informed by objective factors to the extent possible. See **Rhodes V. Chapman**, 452 U.S. at 346, 1001 S. Ct. at 2399, 69 L Ed. 2d at 69.

The objective factors must include the protection of petitioner from violent attacks, rapes or diseases, staff infections, unsanitary living conditions. It would be easier for the federal government to intervene and remove the petitioner from the unconstitutional conditions breeding ground of violence and place him in safe conditions within a federal institution wherein he can receive adequate safety and living conditions.

Petitioner avers that he while in the Alabama prison system was subjected to violent threats of violence and that ninety percent of the inmate [population carries weapons because the prison is understaffed and unable to protect them. Richard Allen knows that he is understaffed and that due to that inmate cannot be properly protected, but he does not provided adequate staffing.

Petitioner foresees that due to the violebnt nature of the overcrowding prisons conditions, he will be subjected to continuous threats of violence and possibly life threatening conditions. The respondents have the duty to protect and the duty to have adequate staffing to protect oversight or guard to foresee such happenings. The mental suffering is grater than one can bear. The subjective environment of constant lighting, smoking in dorms, rapes, torture, fights, blood shed is so dramatic that petitioner can hardly rest,

Petitioner respectfully request federal intervention on his behalf. Done on this the 24th day of August 2007.

_Ronald Sutton_
RONALD SUTTON

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SERVED UPON ALL PARTIES, BY PLACING THE SAME IN THE U.S. MAIL BOX, POSTAGE PAID AND PROPERLY ADDRESSED. DONE ON THIS 24th DAY OF August 2007.

*Ronald Sutton*

RONALD SUTTON

Ronald Sutton 210657 C-1-53
160 Capital Bank Dr
Epps, LA 71237

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101

US POSTAGE $000.58
PITNEY BOWES
AUG 27 2007
MAILED FROM ZIP CODE 71237