IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD SUTTON, ) | |
| AIS #210657, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-776-WKW |
| ) | [WO] |
| ) | |
| TROY KING and RICHARD ALLEN, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a 42 U.S.C. § 1983 action in which Ronald Sutton ["Sutton"], a state inmate currently confined at the West Carroll Detention Facility in Epps, Louisiana, seeks transfer by a United States Marshal to "the federal institution closest to the state of Louisiana where his family resides." *Court Doc. No. 1* at 4. Sutton requests issuance of a preliminary injunction ordering such transfer and prohibiting the Alabama Department of Corrections from returning him to the state prison system. The court therefore construes this document to contain a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

### I. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002).

This court may grant a preliminary injunction only if Sutton demonstrates the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Sutton outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II.  DISCUSSION

In his motion for preliminary injunction, Sutton seeks transfer to a federal facility and requests that the Alabama Department of Corrections be prohibited from returning him to a state correctional facility.  He asserts that these actions are necessary to prevent his placement in an overcrowded and potentially dangerous state prison system.  Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Suttonhas proven a substantial likelihood of success on the merits, and concludes that Sutton fails to carry his burden.  Sutton likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction or that issuance of an injunction would serve the public interest.  The determination of whether issuance of injunctive relief would cause substantial harm to others is irrelevant at this juncture.  Thus, Sutton fails to meet his burden of demonstrating the existence of each requisite element necessary to warrant issuance of a preliminary injunction.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff be DENIED.

2.  This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before September 13, 2007 the parties may file objections to

the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 31st day of August, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE