IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Ronald Sutton, )
 )
    *Plaintiff* )
 )
v. )   Civil Action No. 2:07-CV-776-WKW
 )   [WO]
 )
Troy King and Richard Allen, )
 )
    *Defendants.* )

## MOTION FOR ENLARGEMENT OF TIME

**Comes now,** Ronald Sutton, Plaintiff, without money to afford counsel, or to pay court cost and docket fees, makes his following request for good cause shown:

### Standard of Review

Mr. Sutton requests issuance of a preliminary injunction ordering such transfer and prohibiting the Alabama Department of Corrections from returning him to the state prison system. The court therefore construes this document to contain a motion for preliminary injunction under 65. *Federal Rules of Civil Procedure.*

The Plaintiff states that he was transferred without notice. Plaintiff did not receive this order until September 29, 2007. Plaintiff received this order notice after this court has made its decision. Plaintiff never received fair notice.

Temporary restraining orders issued without prior notice may be extended by judicial order for an additional period not greater than the length of time in the original order, and in no event for more than ten additional days.

This institution has past Plaintiff's legal mail five (5) days later than the date stamped on the envelope. Plaintiff just received the denial of this motion. Plaintiff has not had time to address this preliminary injunction relief.

1

## JUDICIAL EXTENTION OF TIME

Good cause might be constitution of circumstances of irreparable injury that justified the original order, or such new circumstances as the temporary restraining order produced.

## OBTAINING AN EXTENTION

A party seeking judicial extension of an order must move for the extension within the time limitation of the original order, and must show good cause for the extension. If a temporary restraining order is extended, Rule 65(b) provides that the court must record its reasons for granting the extension. *Reliance Insurance Co. v. Mast Construction Co.*, 159 F 3d 1311, 1316 (10th Cir.1998).

## DISCUSIONS

This Court may grant a preliminary injunction only if Plaintiff, Mr. Sutton, demonstrates the following:

(1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Plaintiff, Sutton outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest. *Cate v. Oldham*, 707 F.2d 1176 (11th Cir.1983).

## CERTIFICATE OF SEREVICE

I do hereby certify all the facts are true and correct and say that I that I have served the Honorable Judge with a full copy of the same.

Done on this 2 day of October 2007.

Office of the Clerk                        Respectfully submitted,
United Sates District Court
P.O. Box 711                               *Ronald Sutton*
Montgomery, Alabama 36101-0711             Ronald Sutton, Pro Se

2

Donald Sutton, 210657
Limestone C.F.; D36A
28779 Nick Davis Road
Harvest, AL 35749

Legal Mail

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of the Clerk W. Keith Watkins
United States District Court
P.O. Box 711
Montgomery, Alabama
36101-0711

UNITED STATES POSTAGE
$00.41⁰
OCT 02 2007
MAILED FROM ZIP CODE 35749