IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONALD SUTTON,

    *Plaintiff,*

vs.                                                          Civil Action No. 2:07-CV-776-WKW

TROY KING and RICHARD ALLEN,

    *Defendant.*

## RECONSIDERATION OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RELIEF

*Comes now,* Ronald Sutton, Pro Se in the above styled cause and moves this Honorable Court to review and grant him immediate protection from being transferred back to the Alabama Department of Corrections by issuing a temporary order and preliminary injunction. Courts often use temporary restraining orders to maintain the status quo until there is an opportunity for a fuller hearing on a motion for a preliminary injunction. (granting restraining order so that court can "conduct a thorough inquiry" on injunction). *See, e.g., Hospital Resource Personnel, Inc. v. United States, 860 F.Supp. 1554, 1556 (S.D. Ga.1994).*

## JURISDICTION OF THE FACTS

This court is the proper jurisdiction for this motion to commence pursuant to 28 U.S.C. §1343. The respondents are state employees and their agency is located in Montgomery Alabama. Plaintiff is an Alabama inmate located at the Limestone Correctional Facility of the Alabama Department of Corrections, (A.D.O.C.). The Plaintiff will show that he will establish his serious injuries by the A.D.O.C. officials. Injunction relief can be granted for the following reason:

1

1.)     *Overcrowded, unsafe, or extremely harsh conditions;* 2.) *A pattern of guards brutality or harassment;* 3.) *Inadequate medical care;* 4.) *Continuing violation of any of my rights.*

As both parties recognize, or denying a preliminary injunction is reviewable only for abuse of discretion. *See* **United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.1983).** A district court may grant injunctive relief if the movant shows (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issue; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest. *Id.* (citing **Shatel Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352,1354-55 (11th Cir.1983).**

Neither the statue nor FRAP addresses the establishment of substantive law by court rule. The judges of this court, when judges of the former Fifth Circuit, maintained a district separation between their administrative and their judicial functions. The substantive law of the circuit was established by the exercise of judicial authority and procedural rules by administrative action. We consider it inappropriate to decide what this circuit's substantive law will be by any means other than judicial decision. **Bonner v. City of Prichard, Al., 661 F.2d 1206 (1981).**

Mr. Sutton states that he was transferred back in an unconstitutional environment and overcrowded condition and an inadequate medical condition. Although Rule 65(a) is silent on the matter, a preliminary injunction can be modified or dissolved on motion of party who demonstrates that the purpose of the injunction has been fulfilled. (modification proper only when charge of circumstances makes continuation of original order inequitable). **United States v. United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d 562 (1968). See also, Favia v. Indiana University of Pennsylvania, 7 F.3d 332, 337 (3d Cir.1993).**

## REQUEST FOR FEDERAL GOVERNMENT INTERVENTION

Plaintiff is requesting immediate protection by the Federal Government by intervening on his behalf Plaintiff avers they allowed him back into the custody of the A.D.O.C., he will be immediately be deprive of proper and adequate "protection" in violation of his rights guaranteed under the Eighth and Fourteenth Amendment to the United States Constitution.

As the United States District Court has stated, it is well established that the Plaintiff do not lose all of his constitutional rights. ***Washington v. Lee, 263 F.Supp. 327, 331 (MD. Alabama 1996), Aff'd per curiam, 390 U.S. 33, 88 S.Ct. 994, 19 L. Ed.2d 1212 (1968). See Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L. Ed.2d 263 (March 20, 1972).*** Among other guards, the Eighth Amendment prohibition against cruel and unusual punishment, incorporated into the due process clause of the Fourteenth Amendment, protects prisoners from constitutional conditions of treatment imposed by prison authorities under color of state law, such as Attorney General Troy King, and prison commissioner, Commissioner Richard Allen.

***Campbell v. Beto, 460 F.2d 765 (5th Cir.1972),*** Federal Courts will not hesitate to intervene when action is clearly necessary to protect a prisoner's constitutional right. The fifth circuit has repeatedly stated, however, that there maybe cases in which the deprivation will warrant judicial inquiry and action. ***Woolsy v. Beto, 450 F.2d 321 (5th Cir.1971).***

When practices within a prison system result in the deprivation of basic elements of adequate protection (from harm or danger) (mentally or physically) such practices violate constitutional guarantees and federal courts must act to provide relief. This is especially true when deprivation immediately threatens life and limb. Campbell v. Beto, supra. This case is one in which the deprivation warrant judicial inquiry and action. Wherein the Alabama prison system has declared overcrowded and conditions unconstitutional since 1971. ***Newman v. Alabama, 349***

3

*F.Supp. 278 (MD.Ala.1972); Pugh v. Locke, 406 F.Supp. 318 (MD.Ala.1976)* and *James v. Wallace, 406 F.Supp. 318 (1976).*

Alabama has a legendary history of the same for the past fifty (50) years. They have been under orders and sanctions and to no avail the conditions in the prisons have worsened and the population has well doubled or tripled in capacity. The A.D.O.C. Commissioner Richard Allen, has no where to put another inmate without placing that individual in a knowingly unconstitutional condition to another unconstitutional condition by transferring the Plaintiff to another A.D.O.C. prison that is unconstitutionally unfit and overcrowded without affording the Plaintiff adequate medical care.

The A.D.O.C. has demonstrated a gross disrespect for the state law of Alabama, the constitution of the United States and any and all orders handed down by this court since 1971. They have handed over fifty (50) years to meet theses unconstitutional life threatening conditions and have failed.

Alabama legislature has given millions to reduce the population of the penal system. To build new prisons. Sold state land to pay for out of state private own prisons. Still the system is worsening as time goes on. The question which rises to Plaintiffs mind, has the state legislature failed to give the A.D.O.C. the necessary money to fix the unconstitutional overcrowding and conditions in violation of the Eighth Amendment? If so, they need to be ordered to take immediate action. If they did supply the money, then the A.D.O.C. has had the money to relieve the overcrowding and the conditions in violation of the Eighth Amendment, this will be a case of mismanagement of taxpayer's money. Where is this money being applied? What can they show for the money? This is such an in depth problem that every time a state court sentences a person to serve time in the Alabama Department of Corrections that court knowingly forces them to live in unconditional conditions and a place where they cannot be protected.

Plaintiff is not asking this court for another court order to relieve the overcrowding, but to only fix the unconstitutional living conditions, as this has been an order for over fifty (50) years. Plaintiff is seeking a single court order for the United States Marshall to take him into custody and place him in the federal institution closest to the state of Louisiana where his family resides. An institution where he will be free from cruel and unusual living conditions where rape, tortures, or places which reigns in terror.

Alabama institutions are overcrowded and unconstitutional wherein there is a lack of supervision, inadequate staffing and corrupt staffing. The duty of the A.D.O.C. Commissioner Richard Allen and Attorney General Troy King are to provide Plaintiff with sixty (60) square feet of space per person. **William v. Edwards, 547 F.2d at 1215.** This has not occurred.

The present conditions in the A.D.O.C. are "philosophically, psychologically, physically, racially and morally intolerable." The housing units are overcrowded and unfit for human habitation under any modern concepts of decency. Due to the overcrowding, the facilities for the disposal of human waste at all camps, present an immediate health hazard, contamination of the prison water supply caused by inadequate sewage has led to the sprat of infections diseases, staff infections, and/or hepatitis. Most waste disposed systems have been declared insufficient compounded by the overcrowded population of inmates in the prison. The United States Court of Appeals for the Fifth Circuit, *Gates v. Collier, 501 F.2d 1291 (1974),* citing *Robinson v. California, 370 U.S. 660, S.Ct. 1417, *L. Ed2d 758 (1962)* is not limited to specific acts directed at individuals, but is equally pertinent to general conditions of confinement that may prevail at a prison \. Our decisions have recognized the right of prisoners to seek judicial review of their conditions of confinement and have provided relief from unconscionable methods of incarceration. *See, e.g., Hutchens v. State of Alabama, 466 F.2d 507 (5th Cir.1972); Campbell v. Beto, 460 F.2d 765, 768 (5th Cir.1972); Novak v. Beto, 453 F.2d 661 (5th Cir.1971).*

It has been established in other orders handed down by this court that there is a high level of violence existing in the A.D.O.C. prisons which violates the Eighth Amendment and Commissioner Richard Allen knows that he has *failed to employ sufficient and adequate trained staff, and guards to assure the* **protection** *of inmates.* **Supervisory personnel have allowed and continue to allow inmates to fight, gamble and acquire liquor and drugs in violation of prison rules and State law.** The operation of the trusty system, as previously outlined, further compounds the dilemma of the **protection** of inmates. The effects of severe overcrowding are heightened by the dormitory living arrangements **(406 F.Supp. 323)**, which prevail in these institutions. Bunks are packed together so closely that there is no walking space between them. **Sanitation** and **Security** are impossible to maintain. Overcrowding is primarily responsible fro exacerbates all other ills of Alabama's penal system.

Plaintiff was diagnosed as being a diabetic at the arrival of West Carroll Detention Center by C.R.N. Supervisor, Ms. Faye, a practitioner nurse. He has since received treatment for his condition and Plaintiff was informed that Alabama knew of his diabetic condition but did not inform him. Plaintiff was informed that the basis of his condition is due the diet in which the prison system in Alabama has established. It lacks many vitamins, minerals and iron and this has build a condition which led Plaintiff being a diabetic.

Another reason is due to the irrigation water treatment chemical known as a allied chemical, "Compound #204", a rust preterit which is a cancer causing agent, which leads to cancer and ills such as Plaintiff being a diabetic.

In the inherently coercive setting in prison, the failure of officials properly to supervise their wards is an abdication of responsibility. Confinement in a prison where terror reigns is cruel and unusual punishment. A prisoner has a right to be from the constant threat of violence and from sexual assault. ***Withers v. Levine, 615 F.2d 158 (4th Cir.1980); Gates v. Collier, 501 F.2d 1291***

*(5th Cir.1974)*, but the level of violence and sexual assault may suffice to support a facility of liability under the Eighth Amendment. *See* **Stokes v. Delcambre, 710 F.2d 1120, 1125 (5th Cir.1983).** The Federal Courts have ruled that quantitive measures are significant for the Eighth Amendment determination must be informed by objective factors to the extent possible. *See* **Rhodes v. Chapman, 452 U.S. at 346, 1001 S.Ct. at 2399, 69 L. Ed.2d at 69.**

## IRREPARABLE INJURY

Rule 65(b)(1) requires a party to show by affidavit or verified complaint the irreparable injury that will occur if the order is not granted until the opposing parties are notified and have an opportunity to appear. *See, e.g.,* **American Can Co. v. Mansukhani, 742 F.2d 314, 321-24 (7th Cir.1984).** The concept of what constitutes irreparable injury is so flexible as to be elusive. However, it seems clear that a party can demonstrate that the loss likely to occur if an ex parte temporary restraining order is not issued is an irreparable loss when the damage will be of a nature as are difficult to calculate. *Cf.,* In re **Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1145 (3d Cir.1982).**

## NOTICE OF HEARING ON PRELIMINARY INJUNCTION

If the court grants a temporary restraining order without prior notice to opposing parties, Rule 65(b) directs that a hearing on a motion for preliminary injunction will be held "at the earliest possible time." The preliminary injunction hearing must move to the head of the courts docket, second only to preliminary injunction matters that are already pending. Rule 65(b) establish no time limit within which the court must hear a motion of a temporary restraining order.

## CONCLUSION

***WHEREFORE*** now before this Honorable Court, proceeding under All Writs Act or not, a district court has no license to ignore requirement that it let parties and appellant court know why it acts, and on what factual basis. ***28 U.S.C.A. §1651; Fed. Rules Civ. Proc. rules 26(c), 52, 52(a), 65(d), 28 U.S.C.A.***

To support preliminary order to protect inquiry into Plaintiff's claims, court was required to make findings that Plaintiffs reasonably feared retaliation and that court's facts finding may be materially impaired unless there is provided tangible protection of suitable court order. ***28 U.S.C.A. §1651; Fed. Rules Civ.Proc. rules 26(c), 52, 52(a), 65(d), 28 U.S.C.A.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all parties by placing the same in the U.S. Mail box, postage paid and properly addressed. Done this _11_ day of ____Oct____ 2007.

To the Honorable Parties, et., al.

_____
Ronald Sutton, Pro Se

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONALD SUTTON,  *
  *
*Plaintiff*,  *
  *
vs.  *   Civil Action No. 2:07-CV-776-WKW
  *   [WO]
  *
TROY KING and  *
RICHARD ALLEN, et., al.,  *
*Defendants.*  *

## SWORN AFFIDAVIT IN SUPPORT OF
## PRELIMINARY INJUNCTION

*Comes now*, Ronald Sutton, Plaintiff, without money to afford counsel, or to pay court cost and docket fees, and I am of sound mind, and over twenty-one (21) years of age, makes his following request for good cause:

In this case at bar, Plaintiff submit this sworn affidavit in support of case law in authority. In Alabama, there have been two distinct methods of obtaining injunctions. **Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269 (1937).** The first of these two procedures is an abbreviation of ancient English practice. The second was adopted as an alternative procedure by the **Code of 1907. Code 1940, Tit. 7, §1054 et. seq**. *See Sims*, **Chancery Practice, §651, p. 429 (1909).** The chief difference between the two proceedings has been that under the alternative procedure notice and a hearing must be given the adverse party before preliminary injunction is issued. **Rule 65(b)** does provide for injunction relief without notice to the adverse party. This relief, known as a temporary restraining order, can be accorded without notice provided that the verified facts of the complaint clearly justify Plaintiff's apprehension about the threat of irreparable injury. At the same time, the rule recognizes that there are some extraordinary cases where immediate action is a necessary. **Lukes v. Alabama Power Co., 257 Ala. 590, 60 So.2d 349**

1

*(1952).* This need is met by the rigidly circumscribed provisions of subdivision(b) authorizing issuance of temporary restraining orders. This Rule and its federal companion are not presented in the precise order in which they are usually applied. Although **Rule (65)(a)** speaks to preliminary injunctions, the Plaintiff in need of injunction relief usually desires it more quickly than might be available under a preliminary injunction. **Rule (65)(b)** speaks to the drastic emergency relief generally sought at the outset. Fir this reason, discussion of **Rule 65(b)** precedes **Rule 65(a)** in these comments.

## CERTIFICATE OF SERVICE

I, Ronald Sutton, do hereby swear that I have served a true and correct copy of the foregoing to the Clerk the Honorable Court by placing the same in the United States Mail, postage prepaid and properly addressed on this _11_ day of October 2007.

The Honorable Clerk
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

Respectfully submitted,

**Ronald Sutton, Pro Se**

## NOTARY PUBLIC

Now before this court herein injunctive relief, I declare under penalty of perjury that the foregoing is true and correct each issue therein facts of law and information and beliefs to the best of my knowledge. Sworn and subscribed before me on this _11_ day of October 2007.

_____    _9-28-11_    _____
*Notary Public*                *My commission expires*        *Plaintiff, Pro Se*

2