**IN THE DISTRCIT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2007 NOV 19  P 2: 12

|                          |     |                              |
|--------------------------|-----|------------------------------|
| **RONALD SUTTON**        | *   | DEBRA P. HACKETT, CLK        |
|                          | *   | U.S. DISTRICT COURT          |
| *Plaintiff*              | *   | MIDD L DISTRICT ALA          |
|                          | *   |                              |
| vs.                      | *   | **Civil Action No. 2:07-CV-776-WKW** |
|                          | *   | **[WO]**                     |
|                          | *   |                              |
| **TROY KING and**        | *   |                              |
| **RICHARD ALLEN, ct., al.** | * |                              |
| *Defendants.*            | *   |                              |

## OBJECTIONS TO MAGISTRTES JUDGE RECOMMENDATIONS

*Comes now,* Ronald Sutton, Pro Se in the above styled cause and moves this Honorable Court to review and review and grant him immediate protect from being transferred back to Alabama Department of Corrections by issuing a temporary order and preliminary injunction. Courts often use temporary restraining orders to maintain the status quo until there is an opportunity for a fuller hearing on a motion for a preliminary injunction. (Granting restraining order so that court can "conduct a thorough inquiry" on injunction". *See, e.g. **Hospital Resource Personnel. Inc. v. United States, 860 F.Supp. 1554, 1556 (S.D. Ga.1994)**.*

## I. STANDARD OF REVIEW

The grant or denial of preliminary injunction is within the sound discretion of district court and will not be disturbed absent a clear abuse of discretion. *See **Siegal v. Lepore, 234 F.3d 1163, 1178 (11th Cir.2000)**.* [1] Mr. Sutton was an inmate at West Carroll Detention Facility in Epps. Louisiana, seeks transfer by a United States Marshal to "the federal institution closest to the state of

---

[1] The Plaintiff filed a motion to proceed *in forma pauperis*. This Honorable Court did not rule on this said motion. "Good Faith" is not subjective determination under 28 U.S.C.S. §1915; rather, good faith must be measured by standards. *Schweitzer v. Scott, (1979, CD Cal) 469 F.Supp. 1017, 4 Fed Ruls Evid Serv 964.*

1

Louisiana where his family resides." ***Court Doc. 1 at 4***. Mr. Sutton requests issuance of a preliminary injunction ordering such transfer and prohibiting the Alabama Department of Corrections from returning him to the state prison system. The court therefore construes this document to contain a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. This court may grant a preliminary injunction only if Mr. Sutton demonstrates the following: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Mr. Sutton outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the publics interest. ***Palmer, 287 F.3d at 1329***; ***McDonald's Corp v. Robertson, 147 F.3d 1301, 1306***; ***Cate v. Oldham, 707 F.2d 1176 (11th Cir.1983)***; ***Shate Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352 (11th Cir.1983)***. The Magistrate's recommendation is clearly without merit. The Plaintiff did not file a 42 U.S.C. §1983. Although by virtue of their positions as Attorney General for the State of Alabama and commissioner of the Alabama Department of Corrections defendants Atty. Gen. King and Comm. Allen resides in the Middle District of Alabama, they are subject to service of process throughout the state and commonly defends suits in all federal courts of this state. The law is well settled that the Plaintiff can seek relief only from those conditions of confinement to which he is being subject. Thus, the conditions and actions relevant to the instant case are occurring **in all** Alabama correctional facilities. Moreover, correctional officials/medical personnel assigned **in all** Alabama correctional facilities are the sole individuals personally involved in the alleged constitutional violations to which the Plaintiff is presently subject. The substantive law of the circuit was established by the exercise of judicial authority and procedural rules by administrative action. We consider it inappropriate to decide what this circuit's substantive law will be by any means other than judicial decision. ***Bonner v. City of Prichard, Al., 661 F.2d 1206 (1981)***.

## II. DISCUSSION

This court is the proper jurisdiction for this motion to commence pursuant to 28 U.S.C §1343. The respondents are state employees and their agency is located in Montgomery, Alabama. Plaintiff is an Alabama inmate located at the Limestone Correctional Facility of the Alabama Department of Corrections, (A.D.O.C). The Plaintiff will show that he will establish his serious injuries by the A.D.O.C. officials. Injunction relief can be granted for the following reason: 1.) *Overcrowded, unsafe, or extremely harsh conditions;* 2.) *A pattern of guards brutality or harassment;* 3.) *Inadequate medical care;* 4.) *Continuing violation of any of my rights.* This is based on the First, Fifth, and Fourteenth Amendments to the Constitution. Under the First Amendment, you have the right to "petition the government for redress of grievance," and under the Fifth and Fourteenth Amendments, you have the right to "due process of the law." Put together, these provisions mean that you have the opportunity to go to court if you think your rights have been violated. Unfortunately, doing legal work in prison can be dangerous, as well as difficult, so it is important to **KNOW YOUR RIGHTS!** Mr. Sutton states that physical injury has already occurred, due to the meat patties that are prepared by inmates, and the diet that is served in the A.D.O.C has caused serious physical injuries. The lack of properly cooked vegetables and meats, without the aid of an actual dietitian in facility. Right to petition for redress of grievances is among most precious of liberties safeguarded by Bill of Rights and this right is intimately connected, both in origin and in purpose, with other First Amendment right of free speech and free press. ***United Mine Workers v. Illinois State Bar Ass'n (1967).*** State courts have not only power but duty to enforce rights secured by Constitution and laws of United States when such issues are involved in proceedings before them. Constitution of United States is supreme law of land, and binds every forum,

3

whether it derives its authority from state or from ***United States. Cook v Moffat & Curtis (1847).*** In his motion for preliminary injunction, Sutton seeks transfer to a federal facility and requests that the Alabama Department of Corrections be prohibited from returning him to a state correctional facility. He asserts that these actions are necessary to prevent his placement in an overcrowded and potentially dangerous state prison system. Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Sutton has proven a substantial likelihood of success on the merit. A federal claim is inextricably intertwined with a state court judgment, such that only Supreme Court has jurisdiction under the Rooker-Feldman doctrine, if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

### III. CONCLUSION

Mr. Sutton states that he was transferred back in an unconstitutional environment and overcrowded condition and an inadequate medical condition. Although Rule 65 (a) is silent on the matter, a preliminary injunction can be modified or dissolved on motion of party who demonstrates that the purpose of the injunction has been fulfilled. (Modification proper only when charge of circumstances makes continuation of original order inequitable). ***United States v United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d. 562 (1968). See also, Favia v Indiana University of Pennsylvania, 7 F.3d 332, 337 (3d Cir.1993).*** If a district court's ruling rests solely on a premise as to the applicable rule of law, and the facts are established or of no controlling relevance, that ruling may be reviewed even though the appeal is from the entry of a preliminary injunction. When the unconstitutionality of the particular state action under challenge in a motion for a preliminary injunction is clear, an appellate court need not abstain from addressing the merits; however, a different situation is

4

presented when there is no disagreement as to the law, but the probability of success on the merits depends on facts that are likely to emerge at trial.

## REQUEST FOR FEDERAL GOVERNMENT INTERVENTION

Plaintiff is requesting immediate protection by the Federal Government by intervening on his behalf Plaintiff avers they allowed him back into the custody of the A.D.O.C., he will immediately be deprived of proper and adequate "protection" in violation of his rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.

As the United States District Court has stated, it is well established that the Plaintiff do not lose all his constitutional rights. *__Washington v Lee, 263 F.Supp. 327, 331 (MD. Alabama 1996), Aff'd per curiam, 390 U.S. 33, 88 S.Ct. 994, 19 L.Ed.2d. 1212 (1968). See Cruz v Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d. 263 (March 20, 1972).__* Among other guards, the Eighth Amendment prohibition against cruel and unusual punishment, incorporated into the due process clause of the Fourteenth Amendment, protects prisoners from constitutional conditions of treatment imposed by prison authorities under color of state law, such as Attorney General Troy King, and prison commissioner, Commissioner Richard Allen. Valid federal laws are part of supreme law of land, and state may not discriminate against rights created by or arising under such laws. Caldwell v Alabama Dry Dock & Shipbuilding Co. (1947).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all parties, by placing the same in the U.S. Mail Box, postage paid, and properly addressed. Done on this _13ᵗʰ_ day of _November_ 2007.

Respectfully submitted,

Ronald Sutton

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

Ronald Sutton, Pro Se