IN THE DISTRCIT COURT OF THE UNITED STATES
FOR THE MIDDLE DISRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 NOV 19  P 2: 12
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MID. DISTRICT ALA

| | | |
|---|---|---|
| **RONALD SUTTON** | * | |
| *Plaintiff* | * | |
| vs. | * | Civil Action No. 2:07-CV-776-WKW |
| | * | [WO] |
| **TROY KING and** | * | |
| **RICHARD ALLEN, et., al.** | * | |
| *Defendants.* | * | |

## SWORN AFFIDAVIT IN SUPPORT OF PRELIMINARY INJUNCTION

*Comes now,* Ronald Sutton, Plaintiff, without money to afford counsel, or to pay court cost and docket fees, and Plaintiff is of sound mind, and over twenty-one (21) years of age, makes his following request for good cause:

In this case at bar, Plaintiff submit his sworn affidavit in support of case law in authority. In Alabama, there have been two distinct methods of obtaining injunctions. **Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269 (1937)**. The first of these two procedures is an abbreviation of ancient English practice. The second was adopted as an alternative procedure by the **Code of 1907, Code 1940, Tit. 7, §1054 et. seq**. *See Sims,* **Chancery Practice, §651, p. 429 (1909)**. The chief difference between the two proceedings has been that under the alternative procedure notice and a hearing must be given the adverse party before preliminary injunction is issued. **Rule 65(b)** does provide for injunction relief without notice to the adverse party. This relief, known as a temporary restraining order, can be according without notice provided that the verified facts of the complaint clearly justify Plaintiff's apprehension about the threat of irreparable injury. At the same time, the rule recognizes that there are some extraordinary cases where immediate action is necessary. **Lukes v. Alabama Power Co., 257 Al. 590, 60 So.2d 349 (1952)**. This need is met by the rigidly

1

circumstanced provisions of subdivision(b) authorizing issuance of temporary restraining orders. This Rule and its federal companion are not presented in the precise order in which they are usually applied. Although **Rule 65(a)** speaks to preliminary injunctions, the Plaintiff in need of relief usually desires it more quickly than might be available under a preliminary injunction. **Rule 65(b)** speaks to the drastic emergency relief generally sought at the outset. Fir this reason, discussion of **Rule 65(b)** precedes **Rule 65(a)** in these comments.

## CERTIFICATE OF SERVICE

I, Ronald Sutton, do hereby swear that I have served a true and correct copy of the foregoing to the Clerk in the Honorable Court by placing the same in the United States mail, postage prepaid and properly addressed on this 13th day of November 2007.

The Honorable Clerk
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

*Respectfully submitted,*

**Ronald Sutton, Pro Se**

## NOTARY PUBLIC

Now before this court herein injunction relief, I declared under penalty of perjury that the foregoing is true and correct each issue therein facts of law and information and beliefs to the best of my knowledge. Sworn and subscribed before me on this 13 day of Nove 2007.

_____   9-26-11
Notary Public                My Commission Expires

Ronald Sutton, Pro Se
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

2